UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

**Richard Jenkerson**

  **v.**          Civil No. 07-cv-217-PB
               Opinion No. 2008 DNH 177
**Michael J. Astrue, Commissioner**
**Social Security Administration**

## MEMORANDUM AND ORDER

  Richard Jenkerson filed a complaint seeking review of the Commissioner's decision not to reopen the determinations denying his previous applications for social security benefits.  He alleges that the decision not to reopen violated his Fifth Amendment due process rights and that the Administrative Law Judge ("ALJ") constructively reopened his applications and issued a final decision on the merits.  The Commissioner moves to dismiss for lack of subject matter jurisdiction.

## I.  BACKGROUND

  Jenkerson, proceeding pro se, filed applications for Social Security disability benefits in April 1996 and November 1997, which were denied by determinations issued on June 27, 1996 and April 23, 1998, respectively.  The notice sent with the June 27, 1996 determination informed Jenkerson that the Social

Security Administration had determined that he was not entitled to disability benefits but that he could appeal that decision. The notice included a section on the right to appeal and a section on obtaining help with an appeal.  Jenkerson did not seek reconsideration. Nor did he file an appeal.

On March 17, 2005, counsel filed a new application for disability benefits on Jenkerson's behalf, asserting a disability date of July 12, 1995, and seeking to reopen and revise the prior determinations issued on June 27, 1996 and April 23, 1998.  The ALJ granted the new application for benefits, with a disability onset date of May 1, 1998, and denied the request to reopen the prior determinations.  The ALJ concluded that Jenkerson failed to show a basis for reopening under 20 C.F.R. § 404.988(c) and failed to show good cause for extending the time to request review based on mental incapacity as provided in Social Security Ruling 91-5p ("SSR 91-5p").  Jenkerson requested Appeals Council Review, which was denied.

## II.  <u>STANDARD OF REVIEW</u>

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is first evaluated to determine whether the facts relevant to the jurisdictional issue are intertwined with the merits of the plaintiff's claim.

Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 163 (1st Cir. 2007).  If facts material to the jurisdictional question are also material to the merits of the cause of action, the court uses the summary judgment standard for the motion to dismiss.  Id.  On the other hand, if the jurisdictional issue does not depend on facts that are intertwined with the merits of a claim, the court can weigh the evidence to decide whether it has jurisdiction.  Id.; see also McCulloch v. Velez, 364 F.3d 1, 6-7 (1st Cir. 2004).

### III.  DISCUSSION

The Commissioner contends that: (1) this court lacks subject matter jurisdiction under 42 U.S.C. § 405(g) to consider Jenkerson's request for review of the decision not to reopen the determinations on his previous claims for benefits; (2) Jenkerson lacks a colorable constitutional claim; and (3) no constructive reopening occurred.  Jenkerson acknowledges that the court lacks jurisdiction to review a decision not to reopen on the merits but argues that jurisdiction exists to consider his constitutional challenges.  He also argues that the ALJ constructively reopened his prior applications by considering them on the merits.

Courts have jurisdiction to review only final social security decisions.  42 U.S.C. § 405(g).  A discretionary decision not to reopen a prior determination is not a final

3

decision.  Califano v. Sanders, 430 U.S. 99, 107-09 (1977);
Dudley v. Sec'y of Health & Human Servs., 816 F.2d 792, 795 (1st
Cir. 1987); Stewart v. Astrue, 532 F. Supp. 2d, 243, 245 (D.
Mass. 2008).  An exception exists, however, if the claimant
challenges the decision on colorable constitutional grounds.
Califano, 430 U.S. at 109; Klemm v. Astrue, --- F.3d ---, 2008 WL
4210589, at *4 (9th Cir. Sept. 16, 2008).

**A.    Due Process Claims**

Jenkerson asserts that the decision denying his application
to reopen violated his Fifth Amendment due process rights in two
respects.  First, he contends that the notice he received, dated
June 27, 1996, denying his application filed in April of 1996,
did not adequately inform him of the consequences of failing to
seek reconsideration or appeal and instead led him to believe
that reapplication was an alternative to filing an appeal.  His
second due process claim is that he lacked the mental capacity to
appeal and the ALJ failed to properly consider the requirements
of SSR 91-5p.  I address each argument in turn.

1.   Notice

In support of his claim that the notice he received in 1996,
denying his application, was constitutionally deficient,
Jenkerson relies on Gonzalez v. Sullivan, 914 F.2d 1197, 1203
(9th Cir. 1990), which held that a denial notice was

4

constitutionally inadequate because it misleadingly equated
appeal with reapplication and failed to inform the applicant
about the appeal process.  The defective notice stated:  "If you
do not request reconsideration of your case within the prescribed
time period, you still have the right to file another application
at any time."  Id.

A colorable constitutional claim need not be substantial to
support jurisdiction, "but the claim must have some possible
validity."  Mehilli v. Gonzales, 433 F.3d 86, 94 (1st Cir. 2005).
In the context of jurisdiction to review a Social Security
determination, "[a] constitutional claim is colorable if it is
not wholly insubstantial, immaterial, or frivolous."  Klemm, 2008
WL 4210589, at *4 (internal quotation marks omitted).  A
colorable due process claim, based on Gonzalez, must show that
the claimant received a deficient notice and that he
detrimentally relied on the notice.  Stewart, 532 F. Supp. 2d at
246.

Because the jurisdictional standard, requiring a colorable
claim, is intertwined with the merits of Jenkerson's due process
claim, it is reviewed under the summary judgment standard.  The
party seeking summary judgment must first demonstrate the absence
of a genuine issue of material fact in the record.  See Celotex
Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party opposing a

properly supported motion for summary judgment must present
competent evidence of record that shows a genuine issue for
trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256
(1986).  All reasonable inferences and all credibility issues are
resolved in favor of the nonmoving party.  See id. at 255.

    Jenkerson submitted a copy of the June 27, 1996 notice to
support his claim.  The 1996 notice, however, does not include
the language used in the notice found to be constitutionally
deficient in Gonzalez.  In fact, the Social Security
Administration amended its notices in 1989 to remedy the
defective language found in Gonzalez.  Stewart, 532 F. Supp. 2d
at 246.  Notices dated after February of 1990 are presumed to be
constitutionally valid.  Id. at 247.

    Jenkerson has not identified what language in the 1996
notice he claims was constitutionally deficient.  Nothing in the
notice equates an appeal with reapplication, as was the case in
the previous version of the notice that was found to be
constitutionally deficient.  Instead, the notice explains the
process for filing an appeal and explains that a claimant can get
help in filing an appeal.

    As presented, the record does not show a factual dispute to
support Jenkerson's claim that he received a constitutionally
deficient notice.  Therefore, Jenkerson provides no basis for his

claim that the 1996 notice violated his Fifth Amendment due
process right.  As his claim is not colorable, the court lacks
jurisdiction to consider it.

    2.  <u>Social Security Ruling 91-5p</u>

    Jenkerson also contends that his due process rights were
violated because his mental impairments prevented him from
seeking review of his prior applications and that the ALJ failed
to properly consider the medical evidence relevant to his claim
under the requirements of SSR 91-5p.  "An allegation of mental
impairment can form the basis of a colorable constitutional claim
if the mental impairment prevented the claimant from
understanding how to contest the denial of benefits."  Klemm,
2008 WL 4210589, at *5.  An allegation of mental impairment
during the time for filing an appeal and when a claimant was not
represented is sufficient to state a colorable claim for
jurisdictional purposes.  Evans v. Chater, 110 F.3d 1480, 1483
(9th Cir. 1997).

    Jenkerson has alleged a colorable claim, that he suffered
from a mental impairment during the time for appealing the two
prior decisions while he was not represented by counsel.
Therefore, the court has jurisdiction to consider whether
substantial evidence supported the ALJ's determination under SSR
91-5p that Jenkerson had sufficient mental capacity to appeal the

prior decisions.  See Udd v. Massanari, 245 F.3d 1096, 1100 (9th Cir. 2001).

**B.**   **Constructive Reopening**

Alternatively, Jenkerson asserts that the ALJ constructively reopened his prior applications by considering the evidence raised in the applications on the merits.  Contrary to Jenkerson's interpretation, the ALJ's decision does not show or even suggest that he considered the prior applications on the merits.  In addition, when four years have elapsed since the denial of an application for benefits, an ALJ cannot reopen the application, constructively or otherwise, unless 20 C.F.R. § 404.988(c) applies.  See King v. Chater, 90 F.3d 323, 325 (8th Cir. 1996).  Jenkerson does not contend that his case falls within one of the circumstances described in § 404.988(c).

## IV.   CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss (Doc. No. 4) is denied as to Jenkerson's claim that his Fifth Amendment due process rights were violated because he was unable to file a timely appeal due to his mental impairment, but is granted as to Jenkerson's claims that his due process rights were violated by the form of the June 1996 notice and his request for review of the Commissioner's determination as a final

decision.

The case shall proceed under Local Rule 9.1 to address the single remaining due process claim.  All further proceedings shall be referred to the Magistrate Judge for report and recommendation.

SO ORDERED.


_____
Paul Barbadoro
United States District Judge

September 30, 2008

cc:  Jeffry A. Schapira, Esq.
     Gretchen Leah Witt, Esq.